**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4486**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LLOYD B. CARR, a/k/a Lloyd Carr,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Parkersburg.  Thomas E. Johnston,
District Judge.  (6:12-cr-00210-1)

———————

Submitted:  January 14, 2015        Decided:  January 16, 2015

———————

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Dorwin J. Wolfe, WOLFE LAW FIRM, Elkins, West Virginia, for
Appellant.  R. Booth Goodwin II, United States Attorney, Blaire
L. Malkin, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lloyd B. Carr appeals the seventy-five month, within-Guidelines sentence imposed following his guilty plea to mail fraud, in violation of 18 U.S.C. § 1341 (2012). He argues that the district court clearly erred when it refused to apply a reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 and that the sentence is substantively unreasonable. We affirm.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We first ensure that the district court committed no "'significant procedural error,'" including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51).

Carr first challenges the district court's decision to remove the three-level reduction for acceptance of responsibility based upon his statements during allocution. Whether a defendant merits an acceptance of responsibility adjustment is a factual issue and thus reviewed for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). "To earn the reduction, a defendant must prove to the court by a

2

preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." Id. (internal quotation marks omitted). "[T]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, and thus . . . the determination of the sentencing judge is entitled to great deference on review." Elliott v. United States, 332 F.3d 753, 761 (4th Cir. 2003) (internal quotation marks and brackets omitted). We may reverse the district court's finding only when "left with the definite and firm conviction that a mistake has been committed." Dugger, 485 F.3d at 239 (internal quotation marks omitted).

We discern no clear error in the district court's finding that Carr failed to accept responsibility. While Carr pleaded guilty, his statements during allocution reflected a frivolous denial of relevant conduct. He denied any intent to harm his victims and stated his crimes were not deliberate. As the district court noted, these statements were consistent with his conduct during the investigation of the crime and subsequent to his guilty plea.

Carr next argues that his sentence is substantively unreasonable. We assess substantive reasonableness by considering the totality of the circumstances. "Any sentence that is within or below a properly calculated Guidelines range

3

is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citation omitted), cert. denied, 135 S. Ct. 421 (2014).

Carr has failed to rebut the presumed reasonableness of his within-Guidelines sentence. The district court assessed the totality of the circumstances, including the applicable § 3553(a) factors, in rejecting both Carr's and the Government's requests for a variant sentence. The court concluded that a within-Guidelines sentence was necessary based on the nature of the offense and would deter Carr from committing similar crimes in the future.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED